## AFFIDAVIT

I, Darren Wolff, being duly sworn, hereby state as follows:

1. I am a licensed attorney in Kentucky and California and currently represent Dayton Jones in Oldham County Circuit Court case no. 20-CR-004 and in Franklin County Circuit Court case no. 20-CI-00236.
2. The Oldham County case stems from accusations by the Commonwealth that Mr. Jones was promoting contraband while in custody before his release on December 12, 2019.
3. The Franklin County case is a civil case filed by Mr. Jones against the Commonwealth of Kentucky and several agencies and individuals therein seeking a declaratory judgment by the Court clarifying exactly what relief Mr. Jones was granted from former Kentucky Governor Bevin on or about December 9, 2019 when Governor Bevin issued an Executive Order which resulted in Mr. Jones' release from prison.
4. Mr. Jones filed the Franklin County civil case in response to uncertainty created by government officials who began demanding he comply with their commands post-incarceration.
5. Upon his release, Mr. Jones' was provided paperwork by the prison on Commonwealth of Kentucky Parole Board letterhead signed by Warden Scott Jordan of Luther Luckett Correctional Complex stating definitively he was granted a PARDON by Governor Bevin.
6. When Kentucky government officials began contacting Mr. Jones about their belief he was required to register with the Kentucky Sex Offender registry despite their failure to notify him of the same upon his release from prison, Mr. Jones sought legal advice from the undersigned who, in response, filed the Franklin County civil action in order to seek judicial determination of what Mr. Jones' rights and responsibilities were post-incarceration.
7. Regarding Mr. Jones' cooperation during the time periods discussed herein, please consider the following: After having been released from prison on December 12, 2019, Mr. Jones learned of a pending indictment in the Oldham County case discussed above and immediately retained counsel. Upon retention, the undersigned immediately made arrangements with the Oldham County Circuit Court Clerk's Office and the Oldham County Sheriff to present Mr. Jones to authorities so he could post bond and be released pending further adjudication of the criminal charges.
8. The Oldham County bond was posted on January 16, 2020, less than one (1) week following the date Mr. Jones' case was presented to the Oldham County Grand Jury.
9. The undersigned was present when Mr. Jones turned himself in to the Oldham County Sheriff's Office. There were no issues whatsoever and Mr. Jones was released with no restrictions other than the standard restriction to remain law abiding and show up at all future court dates.



DEFENDANT'S EXHIBIT 1

10. None of the Oldham County bond documents Mr. Jones' signed restricted his ability to travel.
11. Mr. Jones next appeared in Oldham County Circuit Court on February 6, 2020 when he was arraigned and ordered to report back to court on May 7, 2020 for a pretrial conference.
12. At the February 6, 2020 court appearance, while standing in the gallery, undersigned counsel was approached by two individuals unknown to him who advised they were agents of Probation and Parole and Kentucky State Police and they were ordered by someone (whom they never identified) to relay that Mr. Jones was to report to Probation and Parole.
13. During his interaction with the two individuals discussed above, the undersigned made it abundantly clear that Mr. Jones disagreed with the assertion he had any obligation to report to anyone at that point, that a civil lawsuit was going to be filed regarding the issue, and that the relay of this information in the gallery at the courthouse was inappropriate.
14. Immediately following this courtroom interaction, Mr. Jones and counsel began the process of putting together the declaratory judgment action currently pending in Franklin County Circuit Court.
15. The civil case was filed on March 3, 2020 and any delay in filing was of no fault of Mr. Jones and can only be attributed to the novel subject matter of the case and the need to do research, consult with potential experts in the area, and the hiring of additional counsel to prepare the petition.
16. During this time period, counsel's advice to Mr. Jones was to not report to Probation and Parole and to not sign any documentation regarding the Kentucky Sex Offender Registry. The concern was that if Mr. Jones voluntarily began reporting to Probation and Parole and signed up for the Kentucky Sex Offender Registry, a future court may construe this as acquiescence and determine the challenges raised in the civil case were moot.
17. Approximately one (1) week after the civil action was filed, the Parole Board issued a warrant for Mr. Jones' arrest claiming he absconded supervision.
18. Once the existence of the warrant was discovered, the undersigned actively discussed the pending warrant with Mr. Jones' counsel in the civil action and, ultimately, with counsel for the Parole Board.
19. After negotiations between all counsel, much of which were slowed by the lack of direct contact due to the coronavirus, it was agreed between the parties to the civil matter that the Parole Board warrant would be rescinded and Mr. Jones would report to the Hopkinsville Probation and Parole Office on April 6, 2020 at 1:00 p.m. in order to complete certain paperwork the government believed Mr. Jones was obligated to acknowledge and sign.
20. The parties further agreed Mr. Jones would comply with any requests of Probation and Parole until the Franklin County case had an opportunity to be litigated.
21. In compliance with this agreement, Mr. Jones reported to Probation and Parole as directed and was apprehended at that time by federal agents.

22. Given the notoriety Mr. Jones' release has received in the media, especially in Hopkinsville, Kentucky, Mr. Jones expressed concerns for his safety and wellbeing to counsel.
23. After careful consideration of the bond conditions in the Oldham County case, the undersigned advised Mr. Jones he was free to spend some time out-of-state as he was not restricted from traveling by any court order.
24. Prior to reporting to Probation and Parole in Hopkinsville, Mr. Jones was residing part-time at his grandparent's home in Hopkinsville and part-time at their home in Destin, Florida.
25. Mr. Jones and his family have always expressed a steadfast desire to legally address all issues he is facing and have never advised they plan to do anything other than protect their constitutional rights during the pending legal processes.
26. The undersigned has routinely and consistently been able to contact Mr. Jones and his grandparents without delay or interruption.
27. Mr. Jones has never missed a court appearance during the undersigned's representation and the undersigned has no reason to believe Mr. Jones missed any court appearances during the nearly two (2) years of pre-trial litigation in the original Christian County Circuit Court matter which ultimately resulted in his initial imprisonment.

_____
Darren Wolff

Subscribed and sworn to me
this 17th day of April 2020.

_____
Cheryl L. Judd
Notary Public
My commission expires: 1/9/2023
ID# 614666